**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Stephen Dudek and Doreen Cross, Respondents,

v.

Thomas M. Ferro and Lorraine B. Ferro, Appellants.

And

Molly M. Morphew, Appellant,

v.

Stephen Dudek, Doreen Cross, Thomas Ferro, and Lorraine Ferro, Defendants,

Of whom Stephen Dudek and Doreen Cross are Respondents.

Appellate Case No. 2014-002633

---

Appeal From Dorchester County
James E. Chellis, Master-in-Equity

---

Unpublished Opinion No. 2017-UP-019
Submitted October 1, 2016 – Filed January 11, 2017

---

**AFFIRMED**

---

Thomas M. Ferro and Lorraine B. Ferro, both of Denver, Colorado, and Molly M. Morphew, of Summerville, all pro se.

Steven L. Smith and Samuel Melvil Wheeler, both of Smith Closser, of Charleston, for Respondents.

---

**PER CURIAM:**  Thomas Ferro and Lorraine Ferro (collectively, the Ferros) and Molly Morphew (collectively, Appellants) appeal the master-in-equity's ordering specific performance of a contract between Stephen Dudek and Doreen Cross (collectively, Respondents) and the Ferros for the sale of residential real estate (the Contract).  Appellants argue the master erred by ruling the Contract was enforceable, making findings unsupported by the record, and ordering specific performance.  Appellants also argue the master erred by finding Morphew sought damages against the Ferros for breach of contract and the Ferros championed a contract between them and Morphew.  Respondents argue Appellants' brief to this court should not be considered because Morphew was the only party to sign it and she did not have standing to raise any arguments on the Ferros' behalf.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the validity of Appellants' brief: Rule 208(b)(6), SCACR ("In cases involving more than one appellant or respondent, including cases consolidated for appeal, any number of parties may join in a single brief . . . .").[1]

2.  As to whether the master properly ordered specific performance of the Contract: *Campbell v. Carr*, 361 S.C. 258, 262, 603 S.E.2d 625, 627 (Ct. App. 2004) ("An action for specific performance is one in equity."); *Fesmire v. Digh*, 385 S.C. 296, 303, 683 S.E.2d 803, 807 (Ct. App. 2009) ("In an action in equity, the appellate court may resolve questions of fact in accordance with its own view of the preponderance of the evidence."); *id.* ("However, this broad scope of review does not require this [c]ourt to disregard the findings at trial or to ignore the fact that the master was in a better position to assess the credibility of the witnesses."); *id.* at 302, 683 S.E.2d at 807 ("This [c]ourt reviews all questions of law de novo."); *Campbell*, 361 S.C. at 263, 603 S.E.2d at 627 ("Specific performance should be granted only if there is no adequate remedy at law and specific enforcement of the

---

[1] We note the Ferros signed all briefs filed with this court.

contract is equitable between the parties." (quoting *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 105, 531 S.E.2d 287, 291 (2000))); *id.* ("Equity will not decree specific performance unless the contract is fair, just, and equitable."); *Lowcountry Open Land Tr. v. Charleston S. Univ.*, 376 S.C. 399, 408, 656 S.E.2d 775, 780 (Ct. App. 2008) ("In order to compel specific performance, a court of equity must find: (1) there is clear evidence of a valid agreement; (2) the agreement had been partly carried into execution on one side with the approbation of the other; and (3) the party who comes to compel performance has performed his or her part, or has been and remains able and willing to perform his or her part of the contract."); *id.* ("The party seeking to compel specific performance 'must be able to perform at the exact time he requested specific performance, not some "reasonable time" in the future.'" (quoting *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 106 n.1, 531 S.E.2d 287, 291 n.1 (2000))); 61 Am. Jur. 3d *Proof of Facts* § 325 (2001) ("Ordinarily, a contract for the sale of land containing a clause that 'time is of the essence' must be performed by the date fixed in the contract or the contract is no longer viable."); *id.* ("This general rule is, however, subject to the limitation that such a contract may nevertheless be specifically enforced if the failure to perform within the designated time results from the act or fault of the party against whom specific performance is demanded."); *id.* ("Accordingly, where a contract expressly states that time is of the essence—such that performance by the purchaser within a specified time is a condition precedent to the seller's duty to perform his part—and the purchaser has been caused to delay his performance beyond the specified time by the request or agreement or other conduct of the seller, the purchaser can enforce the contract in spite of the seller's delay."); *Commercial Credit Corp. v. Nelson Motors, Inc.*, 247 S.C. 360, 367, 147 S.E.2d 481, 484 (1966) ("[T]here exists in every contract an implied covenant of good faith and fair dealing."); *id.* ("In the absence of an express provision therefor, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made." (quoting 17A C.J.S. *Contracts* § 328 at 282-84)); *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 594, 658 S.E.2d 539, 543 (Ct. App. 2008) ("Where a contract is not performed, the party who is guilty of the first breach is generally the one upon whom all liability for the nonperformance rests." (quoting *Willms Trucking Co. v. JW Constr. Co.*, 314 S.C. 170, 178, 442 S.E.2d 197, 201 (Ct. App. 1994))); *Champion v. Whaley*, 280 S.C. 116, 120, 311 S.E.2d 404, 406 (Ct. App. 1984) ("[O]ne who prevents a condition of a contract cannot rely on the other party's resulting nonperformance in an action on the contract."); *id.* at 122, 311 S.E.2d at 407 ("It is sufficient for the plaintiff to present evidence that the defendant's prevention 'substantially contributed' to the nonoccurrence of the condition."); *id.* at 121, 311 S.E.2d at 407 ("[A]lmost all cases in which prevention is alleged will

involve speculation as to what would have happened had the defendant's conduct not taken place"); *id.* at 121-22, 311 S.E.2d at 407 ("The defendant cannot take advantage of the uncertainty created by his own wrongdoing.  If it were otherwise, then it would be virtually impossible for a plaintiff to prove a case of prevention.").

3.  As to all other issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.